UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JEROME SMILEY, <br> Plaintiff, <br> v. <br> CHRISTINA CORPUS, et al., <br> Defendants. | Case No. 23-cv-03617-PCP <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* <br><br> Docket No. 2 |

Jeremy Smiley, an inmate at California State Prison - Solano, filed this *pro se* civil rights action under 42 U.S.C. § 1983, regarding events which occurred while Mr. Smiley was incarcerated at the Maguire Correctional Facility in Redwood City, California. The Complaint is now before the Court for review under 28 U.S.C. § 1915A.

The Complaint is dismissed because Mr. Smiley failed to state a claim. Mr. Smiley may amend his Complaint if he is able truthfully to allege a cognizable claim.

**I.   Legal Standard**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.   Analysis**

Mr. Smiley has failed to state any claim for relief because he does not identify any way in which he was harmed.

Mr. Smiley states that his cellmate accused Mr. Smiley of punching the cellmate in the face, and that Mr. Smiley subsequently was moved to another housing unit. Compl. at 4. However, Mr. Smiley does not state that he did not punch his cellmate, nor does he identify defects in any disciplinary proceedings, nor does he explain why this other housing unit was unacceptable to him. *See id*. Mr. Smiley states that his phone and recreational privileges were reduced, but it is unclear whether this reduction was a punishment or was incidental to his new housing assignment. *See id*. It also is unclear how long this reduction in privileges lasted. *See id*. More information is needed to state a claim. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (concluding that a brief loss of privileges does not "present a dramatic departure from the basic conditions" of prison life, and thus is not a deprivation of real substance); *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1315 (9th Cir.) (finding "there is no liberty interest in" the loss of recreational programs), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995); *Davis v. Small*, 595 F. App'x 689, 691 (9th Cir. 2014) (finding no liberty interest in telephone or yard privileges); *Mahon v. Prunty*, 87 F.3d 1320 (9th Cir. 1996) (finding no liberty interest in family visits, telephone calls, or yard access) (unpublished).

Mr. Smiley states that inmates of different races were treated differently. *See id*. at 3. He does not explain what harm he suffered because of this different treatment. Indeed, Mr. Smiley does not even state he was a member of a comparatively disfavored group. *See id*.

Mr. Smiley states that a prison officer used her personal phone while on duty. *See id*. at 2. He does not identify any harm that befell him as a result. *See id*.

Mr. Smiley states that in the month before his Complaint was filed, he was unable to see a specific doctor regarding psychological issues. *See id*. at 4. However, Mr. Smiley does not state that this doctor was a mental health professional, nor that he was unable to see another mental health professional. *See id*. Mr. Smiley received other medical treatment during this time. *See id*.

Mr. Smiley attaches a grievance in which he complains he was not allowed to work in jail. *See id*. at 16. The lack of a prison job, without more, does not state a claim because there is no constitutional right to a job in prison. *See Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982) (holding prisoners do not have a right to a job); *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986) (holding California has not provided a liberty interest in work credits).

2

### III. CONCLUSION

The Complaint is dismissed because Mr. Smiley failed to state a claim.

Dismissal is with leave to amend to the extent Mr. Smiley can remedy the defects identified above. If Mr. Smiley wishes to pursue § 1983 claims, he may file a FIRST AMENDED COMPLAINT within **thirty-five days** from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (CV 23-3617-PCP (PR)) and the words FIRST AMENDED COMPLAINT on the first page. If Mr. Smiley files a first amended complaint, he must allege facts that demonstrate he is entitled to relief. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants). **If Mr. Smiley fails to file an amended complaint within thirty-five days and in accordance with this order, this action will be dismissed with prejudice.**

It is Mr. Smiley's responsibility to prosecute this case. Mr. Smiley must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Mr. Smiley's *in forma pauperis* application is **GRANTED**. The initial partial filing fee is $29.66. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of an inmate's average monthly balance or monthly deposits). A copy of this order and the attached instructions will be sent to Mr. Smiley and the institution's trust account office.

**IT IS SO ORDERED**.

Dated: March 6, 2024

P. Casey Pitts
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner

4